[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14140
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00044-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS EDWARD STORY,
a.k.a. C-Lowe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 6, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Curtis Edward Story appeals his concurrent 85-month

sentences for possession of a listed chemical (pseudoephedrine) with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1) ("Count 1"), and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count 2"). After review, we affirm.

## I. BACKGROUND

Law enforcement officers received information concerning a suspected methamphetamine lab in a trailer behind a residence in Mobile County, Alabama. The trailer belonged to Story, and the officers obtained consent to search his trailer. In the trailer, officers found sandwich bags containing approximately 21 grams of methamphetamine, a Ziploc bag containing approximately 42.8 grams of pseudoephedrine pills and other items used to manufacture methamphetamine. Officers also found a small, unloaded .22 caliber handgun. A search of Story's truck adjacent to the trailer uncovered more items used to manufacture methamphetamine.

The Presentence Investigation Report ("PSI") converted the methamphetamine and the pseudoephedrine to their marijuana equivalencies under U.S.S.G. § 2D1.1's drug equivalency tables. With a total of 470 kilograms of marijuana, Story's base offense level was 28. The PSI recommended a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because Story possessed a

2

firearm. After reductions for acceptance of responsibility and assisting authorities, Story's total offense level was 27. With a criminal history category of III, Story's advisory guidelines range was 87 to 108 months' imprisonment.

Story objected to the PSI, arguing that he should receive a downward departure under U.S.S.G. § 5K2.0(a)(1)(A) because of the marijuana equivalency conversion of pseudephedrine. Under the drug equivalency tables, one gram of methamphetamine (actual or pure) equals twenty kilograms of marijuana, one gram of methamphetamine (a substance or mixture containing a detectable amount of methamphetamine) equals only two kilograms of marijuana and one gram of pseudoephedrine is equal to ten kilograms of marijuana. U.S.S.G. § 2D1.1 cmt. n.10(E). Because of his primitive tools, Story maintained that he would have been able to convert the pseudoephedrine only to a "mixture and substance" containing methamphetamine and, thus, his sentence should be lower. Story also objected to the firearm enhancement, arguing that the handgun was unloaded and a novelty gun stored in a display case.

At the sentencing hearing, the government presented Deputy Raylene Busby, who participated in the search of Story's trailer. Busby testified that officers found items used for manufacturing methamphetamine and a quantity of methamphetamine that was consistent with distribution rather than personal use.

3

They found the handgun in a case on top of a table and a bag of methamphetamine to the left on the table's bench seat. Busby indicated that the .22 caliber handgun, although small, could cause damage to internal organs and was easily concealed. Busby also stated that an individual would not be able to determine if the handgun was unloaded just by looking at it. On cross-examination, Busby admitted that they found no ammunition for the handgun during the search and that they had not tested the handgun to see if it was functional. The district court overruled Story's firearm-enhancement objection and found that it was not clearly improbable that the handgun was related to the drug offense.

The district court also denied Story's request for a downward departure based on the marijuana equivalency conversion of the pseudoephedrine. The court discussed why the Sentencing Guidelines impose a higher marijuana equivalency for a methamphetamine ingredient (i.e., pseudoephedrine) than a methamphetamine mixture. Story clarified that his challenge was "as applied" and that the application of this higher marijuana equivalency to him was unfair given the primitive method of conversion he was using. Story argued that, with his primitive tools, one gram of pseudoephedrine typically would produce one gram of a mixture and substance containing methamphetamine. The district court found Story's claim to be speculation and the guidelines range to be reasonable in Story's

4

case. The court stated that, absent the PSI's guidelines calculations, it "would see this case as a much higher case," and noted that other individuals convicted of methamphetamine manufacturing were receiving fifteen- and twenty-year sentences.

The government recommended a sentence at the low end of the advisory guidelines range. Story asked for a sentence below that guidelines range. Story argued that, under the 18 U.S.C. § 3553(a) factors, a guidelines sentence would be unreasonable given that: (1) he had a long employment history showing that he could be productive; (2) his criminal history began only recently, after his relationship with his wife ended; (3) he had never been incarcerated in prison before and a shorter prison term would suffice to get his attention; and (4) given the foregoing, he had a low likelihood of recidivism.

The district court rejected Story's argument that he was a low risk for recidivism, stating that the record bore out the opposite conclusion given Story's recent state convictions for possessing methamphetamine and receiving stolen property. The district court acknowledged that Story's "life has gone to pot ever since [his] wife left [him]," and that, as to the seriousness of the offenses, Story's case was different than the typical case in which the drug dealer merely deals enough to "feed their own habit" because Story appeared to be manufacturing

methamphetamine for financial gain. The district court also noted the dangerousness of methamphetamine manufacturing and the need to protect the public and deter Story and others. The district court imposed concurrent 85-month sentences, just below the low end of the advisory guidelines range.[1] Story filed this appeal.

## II. DISCUSSION

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. We look first at whether the district court committed any significant procedural error and then whether the sentence is substantively reasonable under the totality of the circumstances. Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). On appeal, Story argues only that his sentence was substantively unreasonable.[2]

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir.

---

[1]The district court would have imposed an 87-month sentence, at the low end of the advisory guidelines range, but granted Story's request for two months' credit for time he was held in state custody awaiting federal sentencing.

[2]Story does not challenge the district court's guidelines calculations or the denial of his request for a downward departure or argue that his sentence was procedurally unreasonable.

2006).[3]  Although we do not apply a presumption of reasonableness to a sentence imposed within a correctly calculated guidelines range, we ordinarily expect that such a sentence is reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  Moreover, "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  After review, we conclude that Story has not met his burden.

Story was engaged in manufacturing methamphetamine, a highly dangerous activity, in a trailer behind a residence.  And, Story kept a handgun on the premises.  Although Story makes light of the small handgun, referring to it as a "curiosity" and a "nicknack," it was found on the table near the methamphetamine, which supports an inference that it was possessed in connection with the drugs.  Moreover, Story stated he was not addicted to methamphetamine, which suggests his primary motivation was financial.

---

[3]The § 3553(a) factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.
United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (summarizing 18 U.S.C. § 3553(a))

Although Story's criminal history was relatively recent (beginning when he was 38), Story had two prior convictions in the last two years–a 2007 conviction for receiving stolen property and a 2005 conviction for possession of methamphetamine. Story even committed the instant offenses while still on probation. We do not see how, as Story claims, his criminal record was overrepresented by his criminal history category or indicated that he was unlikely to offend again. The district court was within its discretion to conclude that the mitigating factors Story pointed out–to the extent they were mitigating–were outweighed by the seriousness of the offense and the need to protect the public and deter future misconduct and did not justify a lower sentence.

Finally, Story argues that the unfairness in converting his pseudoephedrine pills using a 10 kilogram marijuana equivalency makes his sentence unreasonable. However, we agree with the district court that Story's argument in this regard is mere speculation. Story bears the burden to show his sentence is unreasonable, yet he presented no evidence that the application of the marijuana equivalency tables was unfair in his case.[4]

---

[4]Story's appellate brief cites Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007), and argues that a district court must now consider whether a "guideline sentence itself reflects an unsound judgment." Story did not make a Kimbrough-type argument in the district court or present any evidence to support it. Story has shown no plain error in the district court's use of the marijuana equivalency tables in calculating his advisory guidelines range and imposing the sentences.

Under the totality of the circumstances, we cannot say the district court abused its discretion when it imposed concurrent 85-month sentences.

**AFFIRMED.**